1  DANIEL G. BOGDEN
   United States Attorney
2  District of Nevada
   Nevada Bar No. 2137
3  DANIEL D. HOLLINGSWORTH
   Assistant United States Attorney
4  Nevada Bar No. 1925
   United States Attorney's Office
5  333 Las Vegas Boulevard South, Suite 5000
   Las Vegas, Nevada 89101
6  Telephone: 702-388-6336
   Facsimile: 702-388-6787
7  Email: *daniel.hollingsworth@usdoj.gov*
   Attorneys for the United States

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) 2:13-CR-372-GMN-(VCF) |
| KEITH JOHN ANDERSON, | ) |
| Defendant. | ) |

**UNITED STATES OF AMERICA'S REDACTED UNOPPOSED MOTION TO SEIZE $807,496.06 IN UNITED STATES CURRENCY FOR RESTITUTION AND $100 IN UNITED STATES CURRENCY FOR THE MANDATORY ASSESSMENT**

The United States of America ("United States"), by and through Daniel G. Bogden, United States Attorney for the District of Nevada, and Daniel D. Hollingsworth, Assistant United States Attorney, respectfully moves this Court, pursuant to Title 18, United States Code, Section 3572(d)(1), to authorize the Federal Bureau of Investigation ("FBI") (1) to seize $807,496.06 in United States Currency for restitution and $100 in United States Currency for the mandatory assessment from defendant's Charles Schwab One Trust account, in the name of Keith John Anderson TTEE KJA Trust, account number

. . .

. . .

▮[1]; (2) to require Charles Schwab (a) to print immediately the appropriate information that shows all the assets that are in Keith John Anderson's Charles Schwab One Trust account; (b) to liquidate the properties that are not cash into cash up to the amount of $807,596.06; (c) to issue a cashier's check in the amount of $807,596.06, made payable to "Clerk-US District Court"; and (d) to immediately turn over the cashier's check to the FBI; and (3) to deliver said check to the Clerk of the Court to apply towards restitution and the mandatory assessment owed by defendant Keith John Anderson ("Anderson").

The grounds for this motion are (1) Title 18, United States Code, Section 3572(d)(1) provides for the immediate payment of restitution and monetary penalties; (2) Anderson owes the restitution and monetary penalties; (3) Anderson agreed to make full restitution at his Change of Plea hearing; and (4) Anderson has agreed that the FBI will seize $807,496.06 in United States Currency and $100 in United States Currency from his Charles Schwab account to be applied towards the restitution to the victims and to pay his mandatory assessment. Plea Agreement, ECF No. 7. Change of Plea Minutes, ECF No. 10.

Entering an order authorizing the FBI to seize the $807,496.06 in United States Currency and $100 in United States Currency to apply towards restitution and the mandatory assessment owed by Anderson is a reasonable and available means to enforce the immediate payment of monetary penalties. Therefore, this Court should grant this motion.

. . .

. . .

---

[1] This motion has been submitted under seal to identify the defendant's specific financial account number. Fed. R. Crim. P. 49.1 protects social security numbers, taxpayer-identification numbers, birth dates, financial account numbers, and home addresses. The United States has contemporaneously submitted a redacted Motion in compliance with Fed. R. Crim. P. 49.1 to protect defendant's personal identifying information. Fed. R. Crim. P. 49.1(d) authorizes this Court to file the redacted Motion and Order for the public record. The Court must sign the redacted order. The Court retains the unredacted Motion and Order under seal as part of the record. Fed. R. Crim P. 49.1(f). The sealed order must be signed, must be returned to the United States, and must be served on Charles Schwab to ensure it obeys the Order. By filing the redacted Motion and Order, the public will have some knowledge concerning the case, but the defendant's personal identifying information will be protected.

This motion is made and is based on the pleadings and papers on file herein, the attached Memorandum of Points and Authorities, and the attached proposed order.

DATED this 10th day of December, 2013.

Respectfully submitted,

DANIEL G. BOGDEN
United States Attorney

/s/Daniel D. Hollingsworth
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. STATEMENT OF CASE

### A. Procedural History

A One-Count Criminal Information was brought against Keith John Anderson ("Anderson") on October 8, 2013, charging Anderson with Wire Fraud in violation of Title 18, United States Code, Section 1343; and alleged forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c); and Title 21, United States Code, Section 853(p). A Bill of Particulars was filed on October 6, 2013, seeking a criminal forfeiture money judgment of $807,496.06 in United States Currency, including $282,305.45 in United States Currency. Criminal Information, ECF No. 5; Bill of Particulars, ECF No. 2.

On October 9, 2013, Anderson pled guilty to the One-Count Criminal Information (ECF No. 5). Anderson agreed to make full restitution in the amount of $807,496.06. Plea Agreement, ECF No. 7; Change of Plea Minutes, ECF No. 10. On October 17, 2013, this Court entered a Preliminary Order of Forfeiture (ECF No. 12) against Anderson for a criminal forfeiture money judgment of $807,496.06 in United States Currency, including $282,305.45 in United States Currency previously seized from Anderson.

### B. Statement of the Facts

Between on or about November 11, 2009, and on or about December 31, 2012, Anderson was employed as a claims adjuster, processor and file manager for North American Risk Services ("NARS"), a third party administrator for Clarendon America Insurance Company and Clarendon National Insurance Company ("Clarendon"). In that capacity, the defendant electronically processed and caused to be processed in interstate commerce billing invoices, including invoices submitted by document imaging companies for copying services requested by legal firms that performed work for Clarendon's insured. *See* Criminal Information, ECF No. 5; Plea Agreement, ECF No. 7.

In execution of his scheme and artifice to defraud, the defendant incorporated several business entities under his and another person's name and submitted the entities' names and billing

invoices to NARS under the pretense that the companies would and did provide document imaging services for law firms working for Clarendon's insured, when the defendant then knew that these entities did not provide such services and knew that the entities' sole purpose was to serve as a means for the defendant to create and submit fraudulent invoices. The entities the defendant created and used in the fraudulent scheme included LVV Legal Services LLC, LVV Engineering, Wings Legal Service, and Sunrise Legal Services. To receive payment the defendant opened bank accounts associated with the business entities he created, and transferred money into and between the bank accounts. *See* Criminal Information, ECF No. 5; Plea Agreement, ECF No. 7.

Within the past five months, Anderson has kept a balance of approximately $2,202,497.64 in United States Currency in his Charles Schwab One Trust Account, in the name of Keith John Anderson TTEE KJA Trust, account number ███. The United States is only interested in seizing $807,496.06 to be applied towards restitution and $100 to be applied to the mandatory assessment owed by Anderson. Anderson has sufficient financial resources and is able to pay all of the restitution and his mandatory assessment immediately.

**II. ARGUMENT**

The $807,596.06 in United States Currency that we are requesting the FBI be authorized to seize should be applied to Anderson's restitution and mandatory assessment. Title 18, United States Code, Section 3572 "is the general guide for determining the payment terms of restitution obligations." *United States v. Martin*, 278 F.3d 988, 1006 (9th Cir. 2002). "Immediate repayment is the general rule: A person sentenced to pay a fine or other monetary penalty, including restitution, shall make such payment immediately, unless, in the interest of justice, the court provides for payment on a date certain or in installments." *Id*. (citation and quotation mark omitted) (quoting 18 U.S.C. § 3572(d)). Anderson has sufficient properties to pay all of the restitution and other monetary penalties immediately. He has also agreed to the immediate payment.

This Court will not abuse its discretion or err by ordering the restitution and other monetary penalties paid immediately. *Martin*, 278 F.3d at 1006. This Court has sufficient evidence before it to

determine that Anderson has sufficient financial resources to order immediate payment of restitution and other monetary penalties. *Id*.

On December 9, 2013, Donald J. Green, counsel for Keith John Anderson, agreed to this Unopposed Motion and authorized the United States to file it and seize the $807,596.06 in United States Currency from defendant's Charles Schwab One Trust account, in the name of Keith John Anderson TTEE KJA Trust, account number ███████, to be applied towards restitution and the mandatory assessment owed by Anderson.

### III. CONCLUSION

Based on the foregoing, the Court should authorize the FBI (1) to seize $807,496.06 in United States Currency for restitution and $100 in United States Currency for the mandatory assessment from defendant's Charles Schwab One Trust account, in the name of Keith John Anderson TTEE KJA Trust, account number ███████; (2) to require Charles Schwab (a) to print immediately the appropriate information that shows all the assets that are in Keith John Anderson's Charles Schwab One Trust account; (b) to liquidate the properties that are not cash into cash up to the amount of $807,596.06; (c) to issue a cashier's check in the amount of $807,596.06, made payable to "Clerk-US District Court"; and (d) to immediately turn over the cashier's check to the FBI; and (3) to deliver said check to the Clerk of the Court to apply towards restitution and the mandatory assessment owed by Anderson.

DATED this 10th day of December, 2013.

Respectfully submitted,

DANIEL G. BOGDEN
United States Attorney

/s/Daniel D. Hollingsworth
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney

**PROOF OF SERVICE**

I, Michelle C. Lewis, Paralegal Specialist, certify that the following individuals were served with copies of the **UNITED STATES OF AMERICA'S REDACTED UNOPPOSED MOTION TO SEIZE $807,496.06 IN UNITED STATES CURRENCY FOR RESTITUTION AND $100 IN UNITED STATES CURRENCY FOR THE MANDATORY ASSESSMENT** on December 10, 2013, by the below identified method of service:

CM/ECF:

Donald J. Green
Law Offices of Donald J. Green
4760 South Pecos Rd., Ste. 103
Las Vegas, NV 89121
Email: crimelv7777@aol.com
*Attorney for Keith John Anderson*

/s/Michelle C. Lewis
MICHELLE C. LEWIS
Paralegal Specialist

| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | **UNITED STATES DISTRICT COURT** |
| 6 | **DISTRICT OF NEVADA** |

| | | |
|---|---|---|
| 7 | UNITED STATES OF AMERICA, | ) |
| 8 | Plaintiff, | ) |
| 9 | v. | ) 2:13-CR-372-GMN-(VCF) |
| 10 | KEITH JOHN ANDERSON, | ) |
| 11 | Defendant. | ) |

**REDACTED ORDER TO APPLY $807,496.06 IN UNITED STATES CURRENCY TOWARDS RESTITUTION AND $100 IN UNITED STATES CURRENCY TOWARDS THE MANDATORY ASSESSMENT**

This Court, having read and considered the United States of America's Unopposed Motion to Seize $807,496.06 in United States Currency for Restitution and $100 in United States Currency for the Mandatory Assessment, and good cause appearing, finds the $807,596.06 in United States Currency is owned by Keith John Anderson ("Anderson").

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the United States of America is now entitled to, and should, reduce the aforementioned property to the possession of the United States of America;

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Federal Bureau of Investigation ("FBI") shall (1) seize $807,496.06 in United States Currency for restitution and $100 in United States Currency for the mandatory assessment from defendant's Charles Schwab One Trust account, in the name of Keith John Anderson TTEE KJA Trust, account number ████; (2) require Charles Schwab (a) to print immediately the appropriate information that shows all the assets that are in Keith John Anderson's Charles Schwab One Trust account; (b) to liquidate the properties that are

not cash into cash up to the amount of $807,596.06; (c) to issue a cashier's check in the amount of $807,596.06, made payable to "Clerk-US District Court"; and (d) to immediately turn over the cashier's check to the FBI; and (3) deliver said check to the Clerk of the Court to apply towards restitution and the mandatory assessment owed by defendant Keith John Anderson.

**DATED** this 23rd day of December, 2013.

_____
Gloria M. Navarro
United States District Judge